NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH M. MEISELMAN, et al., | Civ. No. 11-653 |
| Plaintiffs, | **MEMORANDUM ORDER** |
| v. | |
| HAMILTON FARM GOLF CLUB, LLC et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

On May 23, 2014, Defendants Hamilton Farm Golf Club, LLC and HF Business Trust (collectively, "Defendants") filed a Motion in Limine to strike the opinions of Plaintiffs' Expert, Stephen B. Graves. (Doc. No. 92). Plaintiffs oppose the Motion. (Doc. No. 95). Subsequently on July 22, 2014, Plaintiffs Kenneth M. Meiselman, et al., (collectively, "Plaintiffs") filed a Motion in Limine to limit the testimony of Defendants' Expert, Jon Peterson. (Doc. No. 108). Defendants oppose the Motion. (Doc. No. 113).

After reviewing both parties' submissions, and without oral argument, the Court will deny both motions in limine at this time. Rather than strike large portions of these experts' testimony in advance, the Court will permit both parties' experts to testify at trial, subject to the following limitations relevant to the motions in limine:

(1) experts, especially non-lawyers, are not permitted to render legal opinions on the governing law of the suit and cannot offer legal conclusions and arguments relating to legal terms, *see Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006); *Flickinger v.*

1

*Toys "R" US-Delaware, Inc.*, 492 F. App'x 217, 224 (3d Cir. 2012); *First Nat'l State Bank v. Reliance Elec. Co.*, 668 F.2d 725, 731 (3d Cir. 1981);

(2) experts may not testify as to a party's subjective motivations or intent, as such issues do not require specialized knowledge or expertise beyond the reach of an average person, *see Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417, 422–23 (W.D. Pa. 2006); *Lasorsa v. Showboat: The Mardi Gras Casino*, Civ. No. 07-4321-JBS-JS, 2009 WL 2929234 at *5 (D.N.J. Sept. 9, 2009);

(3) experts may rely on data reasonably relied upon by other experts in the field but experts may not be used as a "mere conduit" for the transmission of hearsay testimony to the jury, *see Williams v. Illinois*, 132 S.Ct. 2221, 2241 (2012); *In re TMI Litigation*, 193 F.3d 613, 697 (3d Cir. 1999).

If these experts testify on the stand at trial, the Court will carefully scrutinize the questions posed to and responses elicited from these witnesses to ensure compliance with the above constraints.  Accordingly,

IT IS, on this 28th day of October, 2014,

ORDERED that Defendants' Motion in Limine (Doc. No. 92) is DENIED; and it is

ORDERED that Plaintiffs' Motion in Limine (Doc. No. 108) is DENIED.


       */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.